J-S37040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREELIN W. WRIGHT | |
| Appellant | No. 1888 WDA 2015 |

Appeal from the PCRA Order November 18, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000783-2000

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 09, 2016**

Freelin W. Wright appeals from the order of the Court of Common Pleas of Crawford County dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§9541-9546.  After careful review, we affirm.

On June 18, 2000, at a residence on Walnut Street in Meadville, Pennsylvania, Wright shot the victim, Bernard Custard, in the neck with a .380 caliber firearm.

On November 14, 2000, a jury convicted Wright of several offenses arising out of the shooting.  On March 1, 2001, the court imposed an aggregate sentence of 7 to 15 years' incarceration, which included a sentence of 5 to 11 years' incarceration for aggravated assault.  Wright's

conviction for aggravated assault carried a five-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.[1]

Wright filed a *pro se* PCRA petition on May 18, 2015, arguing that his sentence for aggravated assault should be vacated based on **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013). The court appointed PCRA counsel, who subsequently filed an amended PCRA petition. By order dated November 18, 2015, the PCRA court dismissed the petition. This appeal followed, in which Wright raises the following issues for our review:

[1.]   Whether the PCRA court erred in concluding that [Wright's] *pro se* PCRA motion was untimely filed.

[2.]   Whether the PCRA court erred in concluding that [Wright] was not entitled to PCRA relief in the form of having his mandatory minimum incarceration term of five years for his conviction of aggravated assault vacated due to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

Brief of Appellant, at 7.

Our standard and scope of review for the denial of a PCRA petition is well settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to

_____

[1] Section 9712, which was held unconstitutional in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), provides that a person who, while committing a crime of violence, visibly possesses a firearm that places the victim in reasonable fear of death or serious bodily injury, shall be sentenced to a minimum of five years' total confinement.

the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

All petitions under the PCRA, including subsequent petitions, must be filed within one year of the date the judgment becomes final, unless the petitioner alleges, and the petitioner proves, an exception to the one-year time period. *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa. 2008). The exceptions apply where the petitioner successfully alleges and proves one or more of the following:

> (i) the failure to raise this claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

A petition invoking one of these exceptions must be filed within 60 days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). The petitioner must plead and prove specific facts that demonstrate his claim was raised within the 60-day time frame. *Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. 2013).

Wright's judgment of sentence became final on March 31, 2001, when the 30-day period in which to file a direct appeal expired. **See** Pa.R.A.P. 903(a). Accordingly, he had one year from that date in which to file a timely PCRA petition, unless he could allege and prove one of the exceptions to the time bar. **See** Pa.C.S. § 9545(b)(1).

In the instant petition, filed on May 18, 2015, Wright invokes **Alleyne**, which the United States Supreme Court decided on June 17, 2013. This is beyond the 60-day time frame set forth in section 9545(b)(2). Therefore, Wright's claim is time-barred.[2] **See Commonwealth v. Ruiz**, 131 A.3d 54 (Pa. Super. 2015) (holding that **Alleyne** does not invalidate mandatory minimum sentence when claim was presented in an untimely PCRA petition).

Order affirmed.

_____

[2] However, even if Wright presented his claim in a timely manner, it is still without merit. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014) (holding that even if **Alleyne** announced a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that **Alleyne** applies retroactively). **Miller** is fatal to Wright's attempt to satisfy the "new constitutional right" exception to the timeliness requirements of the PCRA.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2016